# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BRENDA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>AROOSTOOK COUNTY and SHAWN D. GILLEN,<br><br>Defendants. | CIVIL NO. 18-cv-00352-NT |

## **PARTIAL CONSENT MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and the Court's October 1, 2018 Order, ECF No. 7, and the December 4, 2018 Order, ECF No. 21, Plaintiff, Brenda Smith, files this motion to amend the scheduling order in three respects: (1) by adding one deposition per side (totaling six depositions), (2) by allowing the parties an additional 30 requests for admission, and (3) by delaying the date for the pre-hearing judicial conference until January 28 or January 31. Counsel for the Plaintiff has conferred with counsel for Defendants, Aroostook County and Shawn D. Gillen, who consent-in-part and oppose-in-part. Specifically, Defendants consent to the additional deposition per side, oppose the additional 30 requests for admission, and consent to delaying the pre-hearing judicial conference until January 28 or January 31. As discussed below, there is good cause for each of these proposed amendments to the scheduling order.

First, there is good cause for adding one deposition per side, on top of the existing five depositions in the October 1, 2018 standard scheduling order. Order at 1, ECF No. 7. The Defendants have already scheduled six depositions, including the depositions of Plaintiff, Brenda Smith; her mother, Susan Smith; Plaintiff's primary care physician, Dr. David Conner; expert

Dr. Ross MacDonald; expert Dr. Fellers, and expert Edmond Hayes. The Plaintiff, meanwhile, has scheduled five depositions—including the Defendants' 30(b)(6) deposition, and depositions of Aroostook County Jail Administrator Craig Clossey, Nurse Alison Willette, expert Dr. Donald Kern, and expert Dr. Richard Hough—and may need to take one more. Accordingly, the Plaintiff respectfully requests that the Court conform the scheduling order to the parties' agreed-upon number of six depositions per side.

Second, the Plaintiff respectfully requests that the Court allow the parties to exchange a total of 60 requests for admission ("RFAs") per opposing side, rather than the 30 RFAs permitted in the October 1 Scheduling Order. Allowing additional RFAs would enable the parties to narrow the facts in dispute and to conserve judicial resources, consistent with the purpose of RFAs described in the Advisory Committee Notes. *See* Fed. R. Civ. P. 36 (Notes of Advisory Committee 1970 Amendment). This case involves a novel issue, with a great deal of specialized medical and correctional information at issue. Allowing the parties to exchange additional RFAs would reduce the issues that must be decided by the Court and enable the Court to focus on those areas truly in dispute. Such narrowing is particularly important in light of the expedited time frame of this preliminary injunction dispute. The Plaintiff has already propounded 30 RFAs to the Defendants, and has attached as **Exhibit A** an exemplary list of the types of areas she would like to explore if permitted to serve additional requests. All of these requests are good faith attempts to narrow issues in dispute; none are propounded with the intent to delay. Accordingly, the Plaintiff respectfully requests that the Court grant an additional 30 RFAs per opposing side.

Finally, the Plaintiff requests that the Court reschedule the pre-hearing judicial conference currently set for January 25, 2019. Because of scheduling constraints, the parties have scheduled the deposition of expert Dr. Richard Hough in Pensacola, Florida, on January 25,

2019, which is the same date as the judicial conference. *See* Notice of Hearing, ECF No. 22 (Dec. 4, 2018). The parties respectfully request that the Court delay the conference to another date when the parties are available, with proposed dates of January 28, 2019 (in the afternoon) or January 31, 2019 (any time).

Additionally, the parties would be available to have the judicial conference in-person, rather than by telephone, if that would be helpful to the Court. An in-person conference may facilitate discussing some of the relevant pre-hearing issues, including the possibility of consolidating the preliminary injunction motion with the trial on the merits, pursuant to Fed. R. Civ. P. 65(a)(2).

## **CONCLUSION**

For these reasons, the Plaintiff respectfully requests that the Court amend the scheduling order by adding one deposition per side (totaling six depositions), allowing the parties an additional 30 requests for admission, and delaying the date for the pre-hearing judicial conference until January 28 or January 31.

Dated: December 20, 2018

Respectfully Submitted,

/s/ Zachary L. Heiden
Zachary L. Heiden, Esq.
Emma E. Bond, Esq.
American Civil Liberties Union of Maine Foundation
121 Middle Street, Suite 200
Portland, ME 04103
(207) 619-8687
*ebond@aclumaine.org*
(207) 619-6224
*heiden@aclumaine.org*

Peter Mancuso, Esq.
Andrew Schmidt, Esq.
Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0884
peter@maineworkerjustice.com


David Soley, Esq.
James Monteleone, Esq.
Bernstein Shur
100 Middle Street, West Tower
Portland, Maine 04101
207-228-7198
jmonteleone@bernsteinshur.com
207-228-7300
dsoley@bernsteinshur.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that he has electronically filed this date the foregoing PLAINTIFF'S PARTIAL CONSENT MOTION TO AMEND SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. This filing is available for viewing and downloading from the ECF system.

Dated: December 20, 2018  /s/ Zachary L. Heiden
Zachary L. Heiden
American Civil Liberties Union of Maine Foundation
121 Middle Street, Suite 200
Portland, ME 04103
(207) 619-8687
zheiden@aclumaine.org

Counsel for Plaintiff, Brenda Smith